**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID PAUL GUERRERO,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>THERESA CISNEROS, Warden,<br><br>　　　　　　Respondent. | Case No. 2:21-cv-00591-CAS (MAA)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation ("Report") of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

　　　　Petitioner's counsel has objected to the Report's analysis that Ground One is unexhausted due to his failure to present fairly the factual basis of that claim before the state court. (ECF No. 32 at 2-3.) Petitioner's counsel objects that he should have been permitted to develop the facts in state court because "the state court's subpoena power would have permitted him to subpoena the evidence" and "to compel these witnesses to testify before the Court." (*Id*. at 3.)

///

To the extent that Petitioner's counsel is arguing that the state court should have assisted him in developing the facts underlying Ground One by granting access to its subpoena power, the argument is not persuasive. It is not clear that the state court should have taken such a course, given the speculative and vague nature of Petitioner's factual allegations underlying Ground One. *See In re Clark*, 5 Cal. 4th 750, 783 n.19 (1993) ("It is not the intent of the court to authorize or fund 'fishing expeditions' whose purpose is solely to discover if any basis for a collateral attack on a presumptively valid judgment can be found."); *Ashmus v. Calderon*, 123 F.3d 1199, 1208 (9th Cir. 1997) ("[S]tates need not compensate counsel for a fishing expedition[.]"), *reversed on other grounds sub nom. Calderon v. Ashmus*, 523 U.S. 740 (1998); *see also Kennedy v. Superior Court*, 145 Cal. App. 4th 359, 371, 372 (2006) (state habeas petitioner was not entitled to discovery of a "broad array of materials" that "might contain information that would provide evidence of third party culpability"; he "must—at the very least—explain *how* the requested materials would be relevant to show someone else was responsible for the crime") (emphasis in original). Because Petitioner did not fairly present the factual basis of his claim in Ground One to the state court, it is unexhausted.

Petitioner's counsel has stated that, in the event that Ground One is found to be unexhausted, he elects to withdraw Ground One and proceed solely on his exhausted claims in Grounds Two to Thirteen. (ECF No. 34 at 1.) Accordingly, this action shall proceed on Grounds Two to Thirteen. *See Henderson v. Johnson*, 710 F.3d 872, 873 (9th Cir. 2013) (*per curiam*) ("[A] petitioner who files a mixed petition must, at a minimum, be offered leave to amend the petition to delete any unexhausted claims and to proceed on the exhausted claims."). The case shall be returned to the Magistrate Judge for the determination of non-dispositive matters as to Grounds Two to Thirteen.

///

///

IT IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; and (2) the case is returned to the Magistrate Judge for further proceedings as to Grounds Two to Thirteen of the Petition.

DATED: May 10, 2022

*Christina A. Snyder*
_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE