O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

DAVID PAUL GUERRERO,

Plaintiff,

v.

THERESA CISNEROS, Acting Warden of California Substance Abuse Treatment Facility

Defendant.

Case No. 2:21-cv-00591-CAS-DFM

**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

## I. INTRODUCTION

On November 17, 2023, United States Magistrate Judge Maria A. Audero[1] (the "Magistrate Judge") issued a Report and Recommendation denying petitioner David Paul Guerrero's ("Petitioner") petition for a writ of habeas corpus ("Petition"). Dkt. 55 ("R&R"). On December 11, 2023, Petitioner, who is

[1] On June 3, 2026, pursuant to the recommended procedure adopted by the Court for the retirement of the Magistrate Judge, this case was transferred to the calendar of Magistrate Judge Douglas F. McCormick for all further proceedings authorized by statute, local rules, and general orders. Dkt. 60.

represented by counsel, filed his objections to the R&R. Dkt. 56 ("Objection" or "Obj.").

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has reviewed the records and files herein, the R&R of the Magistrate Judge, and Petitioner's objections thereto. After having made a *de novo* determination of the portions of the R&R to which Petitioner's objections were directed, the Court accepts the report, findings, and recommendations of the Magistrate Judge.

## II. BACKGROUND

On April 14, 2017, Petitioner was convicted in state court on two counts of first-degree murder. R&R at 2.

On July 18, 2017, after denying Petitioner's motion for a new trial and motion to strike the multiple murder special circumstance allegation, the trial court sentenced Petitioner to state prison for two terms of life without the possibility of parole, plus 50 years to life. Id. at 3.

Petitioner appealed his judgment of conviction. Id. In an unpublished decision filed on July 23, 2019, the California Court of Appeal remanded for resentencing to allow the trial court to exercise its discretion whether to strike the personal and intentional discharge of a firearm enhancement, but otherwise affirmed the judgments of conviction as to Petitioner and his codefendant Veyna. Id. On October 30, 2019, the California Supreme Court summarily denied Petitioner's Petition for Review. Id. at 3-4.

On January 25, 2021, Petitioner filed a habeas petition in Los Angeles County Superior Court. Id. at 4. On February 26, 2021, the Superior Court denied that habeas petition. Id. On May 21, 2021, Petitioner filed a habeas petition in the California Court of Appeal, which was denied on July 7, 2021. Id. On September 10, 2021, Petitioner filed a habeas petition in the California Supreme Court, which was denied on November 23, 2021. Id.

On January 22, 2021, Petitioner filed a 28 U.S.C. § 2254 petition for writ of habeas corpus, asserting thirteen claims for relief. Dkt. 1. Petitioner argues that his constitutional rights were violated when (1) his trial counsel was ineffective for failing to investigate Jose Ochoa's guilt with respect to the Irving murder; (2) he was not determined to be actually innocent of the crimes of which he was convicted; (3) the trial court prejudicially erred in denying the Petitioner's request to dismiss or sever the Irving murder charge from the Ferguson murder charge; (4) the trial court prejudicially erred in ordering Petitioner, in contravention of P.C. § 1054.3, to provide the prosecution with his investigator's name and report which allowed the prosecution to call Petitioner's investigator as a witness based on the information obtained in the report; (5) the trial court prejudicially erred in overruling Petitioner's request to exclude evidence of additional murders implicating Petitioner; (6) the trial court prejudicially erred in overruling Petitioner's request to strike Phyllis Hayes' testimony that, based on the police report, she saw a dark colored car; (7) the trial court prejudicially erred in overruling Petitioner's motion for a mistrial after the prosecution, in its opening statement, told the jury that Dewan Ferguson saw Petitioner shoot Irving but did not call Dewan as a witness after Petitioner, relying on the prosecution's statement, disclosed the prior murders Petitioner was accused of committing for which Dewan gave untruthful statements to show that Dewan was not credible; (8) the trial court prejudicially erred in overruling Petitioner's objections to joinder, denying his request for separate juries, and allowing into evidence against Petitioner Antonio Jiminez's testimony relating to Ricardo Veyna's statements about the list: that it was from Petitioner and was a hit list, and the gun purchase transaction; (9) the trial court prejudicially erred in precluding Petitioner from presenting evidence of another male driving a dark Lexus after the Irving shooting that supported Petitioner's defense; (10) the trial court prejudicially erred in its response to the

jury's question and instruction on transferred intent; (11) the prosecutor engaged in misconduct that led to the denial of Petitioner's constitutional right to due process; (12) the People failed to present sufficient evidence to support his conviction for Irving's murder; and (13) prejudicial effect of all above errors became cumulative. Petition at 4-6.

On January 25, 2021, Petitioner filed a Motion for a Stay and Abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005). Dkt. 5. On February 17, 2021, respondent filed an opposition. Dkt. 9. On March 30, 2021, the Court granted the Motion for a Stay and Abeyance, allowing Petitioner to return to state court to exhaust claims. Dkt. 12. On December 3, 2021 (following the California Supreme Court's denial of Petitioner's habeas petition, 12/22/21 Lodg. No. 13), Petitioner moved to lift the stay. Dkt. 23. On December 8, 2021, the Court lifted the stay and ordered Respondent to file a response to the petition. Dkt. 24.

On December 22, 2021, Respondent filed a Motion to Dismiss the Petition on the grounds that Petitioner had failed to exhaust Ground One of the petition. Dkt. 25. On January 28, 2022, Petitioner filed an Opposition to the Motion to Dismiss. Dkt. 29. On March 7, 2022, the Court issued a Report and Recommendation, recommending that the Motion to Dismiss be granted based on Petitioner's failure to exhaust Ground One and that the Petition be dismissed without prejudice, unless Petitioner withdrew Ground One, or, in the alternative, requested a stay in order to exhaust Ground One. Dkt. 31. On March 25, 2022, Petitioner filed objections to the Report and Recommendation. Dkt. 32. On May 2, 2022 (following the Court's overruling of the objections, dkt. 33), Petitioner notified the Court of his decision to withdraw Ground One and to proceed with Grounds Two through Thirteen. Dkt. 34. On May 10, 2022, the district court accepted the Report and Recommendation and returned the case for further proceedings as to Grounds Two through Thirteen. Dkt. 35.

On September 14, 2022 (pursuant to the Court's May 19, 2022 Order Requiring Response to Petition, dkt. 36), Respondent filed the Answer. Dkt. 47. On October 20, 2022, Petitioner filed the Reply. Dkt. 51.

On November 3, 2023, Magistrate Judge Maria A. Audero issued the instant R&R. Dkt. 53. Magistrate Judge Audero recommends that the Court deny the petition and that this action be dismissed with prejudice. R&R at 2. On December 11, 2023, Petitioner filed his Objection. Dkt. 56. Because the facts at issue regarding Petitioner's claims are comprehensively set forth in the R&R, the Court does not repeat them unless relevant to the Court's decision. R&R at 6-21.

## III. LEGAL STANDARD

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"). Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise."). Where no objection has been made, arguments challenging a finding are deemed waived. See 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings

and recommendations as provided by rules of court."). Moreover, "[o]bjections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." Chith v. Haynes, No. C18-5342 BHS, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).

Under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner whose claim has been "adjudicated on the merits" cannot obtain federal habeas relief unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

## IV. DISCUSSION

In his Objection, Petitioner maintains that he is entitled to habeas relief as to all twelve of his claims. See generally Obj.

The Court will address each claim in the order that Petitioner objected to each of the Magistrate Judge's findings. However, as an initial matter, the Court notes that many of Petitioner's arguments are addressed by the Magistrate Judge in the R&R. The Court notes that "[o]bjections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." Chith, 2021 WL 4744596, at *1.

### A. Ground Two (Actual Innocence Claim)

In his second claim, Petitioner argues that he is actually innocent of the crimes of which he was convicted. Petition at 58. In his Objection, Petitioner contends that habeas relief is appropriate for his claim of actual innocence despite the Magistrate Judge stating otherwise. R&R at 26; Obj. at 3. Petitioner argues that United States Supreme Court precedent permits this challenge. Obj. at 3

(citing cases). Further, Petitioner argues that he has sufficiently established the merits of this claim. Id.

The Court is not persuaded by this objection. First, the United States Supreme Court has held that recognizing a sole actual innocence claim remains an "open question." Dist. Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 71 (2009) ("Whether such a federal right exists is an open question."). If Supreme Court cases "give no clear answer to the question presented, . . . it cannot be said that the state court unreasonably applied clearly established Federal law." Wright v. Van Patten, 552 U.S. 120, 126 (2008) (per curiam) (cleaned up).

In addition, the Ninth Circuit "ha[s] not resolved whether a freestanding actual innocence claim is cognizable in a federal habeas corpus proceeding in the non-capital context, although [it has] assumed that such a claim is viable." Jones v. Taylor, 763 F.3d 1242, 1246 (9th Cir. 2014); see also Taylor v. Beard, 811 F.3d 326, 334 (9th Cir. 2016) ("It is still an open question as to whether a petitioner 'may be entitled to habeas relief based on a freestanding claim of actual innocence.'") (quoting McQuiggin v. Perkins, 569 U.S. 383, 392 (2013)).

Assuming arguendo that a sole actual innocence claim is cognizable in a federal habeas corpus proceeding, Petitioner's claim fails to meet the evidentiary standard to proceed. R&R at 30; See Schlup v. Delo, 513 U.S. 298, 324 (1995) ("To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."). The petitioner must go beyond demonstrating doubt about his guilt and must affirmatively prove that he is probably innocent. Jones v. Taylor, 763 F.3d 1242, 1246 (9th Cir. 2014).

Petitioner's claim fails to meet the standard to proceed because the speculation he provides about Jose Ochoa's involvement is not "new reliable"

evidence that was not available during the trial. See Petition at 60; Schlup, 513 U.S. at 324. Therefore, Petitioner has not satisfied the requirement of showing affirmatively that he was actually innocent of the Ferguson and Irving murders. See Jones, 763 F.3d at 1251 ("Evidence that merely undercuts trial testimony or casts doubt on the petitioner's guilt, but does not affirmatively prove innocence, is insufficient to merit relief on a freestanding claim of actual innocence.") (citing House v. Bell, 547 U.S. 518, 555 (2006)); Gimenez v. Ochoa, 821 F.3d 1136, 1146 (9th Cir. 2016) (finding that the petitioner's "evidence falls far short of a persuasive alibi, exculpatory physical evidence or a credible confession from another suspect—all of which are types of new evidence that [the Ninth Circuit has] suggested could meet th[e] demanding [actual innocence] standard."); see also Schlup, 513 U.S. at 324 ("[E]xperience has taught us that a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.").

Additionally, Petitioner has failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup, 513 U.S. at 327. Therefore, the California Supreme Court's decision to deny Petitioner's actual innocence claim and habeas relief was not unreasonable.

**B. Ground Twelve (Sufficiency of the Evidence Claim)**

In his twelfth claim, Petitioner argues that the prosecution failed to present sufficient evidence to support his conviction for Irving's murder. Petition at 93. Petitioner argues that the Magistrate Judge's finding of evidence of motive in the R&R falls well short of establishing guilt beyond a reasonable doubt. Obj. at 5-6. Petitioner also argues that the witness testimony relied on by the Magistrate Judge was wholly devoid of evidentiary weight. Id. at 6.

The Court is not persuaded by this objection. The Supreme Court set the standard for reviewing sufficiency of evidence claims in Jackson v. Virginia, 443

U.S. 307, 319 (1979). Jackson states that when a habeas petitioner challenges the sufficiency of the evidence supporting a jury's verdict, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319. Even when the record supports conflicting inferences, the Court must presume that the jury resolved any such conflicts in favor of the prosecution, and the Court must defer to that resolution. Jackson, 443 U.S. at 326; see also McDaniel v. Brown, 558 U.S. 120, 133 (2010) (per curiam); Walters v. Maass, 45 F.3d 1355, 1358 (9th Cir. 1995) (citation omitted) (the federal court "must respect the province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts by assuming that the jury resolved all conflicts in a manner that supports the verdict"). On federal habeas review, "we ask only whether the state court's decision was contrary to or reflected an unreasonable application of Jackson to the facts of a particular case." Emery v. Clark, 643 F.3d 1210, 1213-14 (9th Cir. 2011) (per curiam) (citing Juan H. v. Allen, 408 F.3d 1262, 1274-75 (9th Cir. 2005)).

The Court agrees with the Magistrate Judge that the Jackson standard was satisfied. R&R at 37. Because the prosecution's evidence in its case was sufficient to allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt, Petitioner's conviction as to the Irving murder is supported and the Jackson standard was satisfied. Thus, habeas relief for this claim is unwarranted.

**C. Ground Three (Prejudicial Delay and Misjoinder Claims)**

In his third claim, Petitioner argues that the denial of his request to dismiss or sever the Irving murder charge from the Ferguson murder charge violated his federal constitutional right to due process. Petition at 61. In response to the

Magistrate Judge's finding that habeas relief is not warranted for his misjoinder claim, R&R at 37, Petitioner argues that he was prejudiced by the delay in prosecution and the joinder of the two murder charges, and that he successfully pled his claims to warrant an evidentiary hearing. See Obj. at 7-9.

The Court is not persuaded by this objection. The Court agrees with the Magistrate Judge that Petitioner has not shown the presence of actual prejudice due to the pre-accusation delay. See United States v. Barken, 412 F.3d 1131, 1134 (9th Cir. 2005) (a claim that a charging delay denied a defendant due process requires proof of "actual, nonspeculative prejudice from the delay, meaning proof that demonstrates exactly how the loss of evidence or witnesses was prejudicial.") (internal quotation marks and citation omitted); see also United States v. Ross, 123 F.3d 1181, 1185 (9th Cir. 1997) ("A defendant claiming preindictment delay carries a 'heavy burden' of showing actual prejudice that is 'definite and not speculative.'") (citations omitted).

The Court also agrees with the Magistrate Judge that the misjoinder claim is not cognizable on federal habeas review. R&R at 47; See Estelle v. McGuire, 502 U.S. 62, 67-68, 71-72 (1991) (stating that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000) (finding that petitioner's argument that "under California law, the crimes should not have been consolidated because evidence relevant to one set of counts would not have been admissible at a separate trial on the other set of counts" was not a cognizable federal habeas claim); Stoot v. Gipson, No. EDCV 11–1688–GHK (DTB), 2014 WL 1364903, at *8 (C.D. Cal. Jan. 23, 2014) ("To the extent that petitioner is contending that the trial court should not have joined the charges as a matter of state law, his claim is not cognizable on federal habeas review."), accepted, 2014 WL 1364908 (C.D. Cal. Apr. 4, 2014).

The Supreme Court stated in a footnote that "misjoinder would rise to the level of a constitutional violation only if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial[,]" United States v. Lane, 474 U.S. 438, 446 n.8 (1986), and the Ninth Circuit has held there is no clearly established authority advanced by the Supreme Court that addresses a state court's failure to provide separate trials on distinct charges. Collins v. Runnels, 603 F.3d 1127, 1132 (9th Cir. 2010).

Finally, even if Petitioner's misjoinder claim was cognizable, the Court finds that the joinder of the two murder charges did not result in an unfair trial. R&R at 48. Petitioner has not shown that the joinder of the two murders "had a substantial and injurious effect or influence in determining the jury's verdict." See Sandoval v. Calderon, 241 F.3d 765, 772 (9th Cir. 2000). The judge instructed the jury to evaluate the two murder charges independently, and it is not apparent that the jury conflated the evidence presented for both charges. See Bean v. Calderon, 163 F.3d 1073, 1085 (9th Cir. 1998) ("prejudice generally does not arise from joinder when the evidence of each crime is simple and distinct, even in the absence of cross-admissibility."); see also Petition at 67 (Petitioner acknowledges the evidence relevant to each murder was distinct).

Accordingly, habeas relief for this claim is unwarranted.

**D. Ground Four (Discovery Claim)**

In his fourth claim, Petitioner argues that the trial court prejudicially erred in ordering Petitioner, in violation of P.C. § 1054.3, to share his investigator's name and report with the prosecution, which permitted the prosecution to call the investigator as a witness because of the information acquired from the report. Petition at 68. Petitioner argues that he is entitled to relief on this claim. Obj. at 10. However, Petitioner has not explained the connection between the trial court's order and his inability to present a defense. Specifically, as noted by the

Magistrate Judge, "Petitioner does not allege that he was prevented from examining witnesses, introducing evidence, or presenting a particular defense." R&R at 55. Thus, Petitioner's allegations regarding the trial court's discovery order do not constitute a claim of constitutional error warranting federal habeas relief.

Further, the Court finds that a reasonable jury could have agreed with the California Court of Appeal's determination that the testimony from Petitioner's investigator was relatively insignificant; therefore, Petitioner has not shown that the trial court's discovery order had a substantial and injurious effect upon the jury verdict. R&R at 55-56; see Padilla v. Terhune, 309 F.3d 614, 622 (9th Cir. 2002) (concluding that "merely cumulative" evidence could not have had a "'substantial and injurious effect or influence in determining the jury verdict'"). As the California Court of Appeal determined, the investigator's testimony was "brief, relatively insignificant and cumulative of testimony from [another witness]." R&R at 53. Thus, even if the trial court's discovery order created a claim of constitutional error, which it does not, Petitioner still would not be entitled to habeas relief because such error did not have a substantial and injurious effect upon the verdict. Accordingly, Petitioner's habeas relief for his discovery claim is denied.

**E. Grounds Five, Six, Eight, and Nine (Evidentiary Error Claims)**

Petitioner asserts several evidentiary error claims regarding the trial court's admission of evidence related to four additional murders in which Petitioner was implicated. Obj. at 11-14. A state court's evidentiary errors are not cognizable on federal habeas review unless the error "violated the Constitution, laws, or treaties of the United States." Estelle, 502 U.S. at 67-68; Rhoades v. Henry, 638 F.3d 1027, 1034 n.5 (9th Cir. 2011) ("[E]videntiary rulings based on state law cannot form an independent basis for habeas relief."); Whelchel v. Washington, 232 F.3d

1197, 1211 (9th Cir. 2000) ("Incorrect state court evidentiary rulings cannot serve as a basis for habeas relief unless federal constitutional rights are affected.") (quoting Lincoln v. Sunn, 807 F.2d 805, 816 (9th Cir. 1987); Windham v. Merkle, 163 F.3d 1092, 1103 (9th Cir. 1998) ("We have no authority to review alleged violations of a state's evidentiary rules in a federal habeas proceeding."). "The admission of evidence does not provide a basis for habeas relief unless it rendered the trial fundamentally unfair in violation of due process." Holley v. Yarborough, 568 F.3d 1091, 1101 (9th Cir. 2009).

The Court agrees with the Magistrate Judge that there is not a clear federal law that prevents the inclusion of evidence that details a petitioner's prior crimes as a violation of federal due process. R&R at 64; See Estelle, 502 U.S. at 75 n.5 ("[W]e express no opinion on whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime."); see also Larson v. Palmateer, 515 F.3d 1057, 1066 (9th Cir. 2008) ("The Supreme Court has expressly reserved the question of whether using evidence of the defendant's past crimes to show that he has a propensity for criminal activity could ever violate due process."); Alberni v. McDaniel, 458 F.3d 860, 866-67 (9th Cir. 2006) (declining to declare a constitutional principle relating to the propriety of admitting character evidence as clearly established where the Supreme Court "had expressly concluded the issue was an 'open question'"); Garceau v. Woodford, 275 F.3d 769, 774 (9th Cir. 2001) (acknowledging that the "Supreme Court has never expressly held that it violates due process to admit other crimes evidence for the purpose of showing conduct in conformity therewith."), rev'd on other grounds, 538 U.S. 202 (2003). Therefore, the trial court's admission of evidence relating to four other murders implicating Petitioner was neither clearly unreasonable nor a per se violation of Petitioner's right to due process.

Moreover, Petitioner's claim fails on the merits because the inclusion of evidence does not violate due process if the evidence is related to a matter in the case. See Estelle, 502 U.S. at 70; Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir. 1991) ("Only if there are no permissible inferences the jury may draw from the evidence can its admission violate due process."). The Court agrees with the Court of Appeal that the evidence of the four other shooting deaths of Ferguson family members was relevant to why two witnesses might have been reluctant to testify or to positively identify Veyna as the shooter. R&R at 65; See Alvarenga v. Montgomery, No. CV 16-04095-R (JDE), 2018 WL 3956730, at *6 (C.D. Cal. Mar. 13, 2018) (finding that the evidence of a defendant's prior bad act was relevant to the credibility of a witness who testified reluctantly), accepted, 2018 WL 3954009 (C.D. Cal. Aug. 13, 2018).

Accordingly, federal habeas relief is not warranted for this claim.

**F. Ground Eleven (Prosecutorial Misconduct Claim)**

Petitioner objects to the Magistrate Judge's conclusions that habeas relief is not warranted for the following alleged prosecutorial misconduct: (1) the prosecution's use of Petitioner's gang moniker "Evil" throughout the trial; (2) the prosecution's characterization of the prison kite as "code"; (3) the prosecution's voucher of their witnesses' credibility during argument; (4) mention of a witness's observation of one of the shootings in opening statement when that witness was not called to testify; and (5) the prosecution's urging of the jury to send a message to the community during closing statement. Obj. 14-16.

A prosecutor's behavior can be classified as misconduct if it "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)); Wood v. Ryan, 693 F.3d 1104, 1113 (9th Cir. 2012). "[T]he touchstone of due process analysis in cases of alleged

prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." Smith v. Phillips, 455 U.S. 209, 219 (1982). Elements of conducting that analysis may include evaluating the type and extent of the misconduct, any rebuttal by defense counsel, the specificity and timing of any curative instructions, and the weight of the evidence. See Hein v. Sullivan, 601 F.3d 897, 914 (9th Cir. 2010). Even if due process was violated by the prosecutor, federal habeas relief is not permitted unless the misconduct "had substantial and injurious effect or influence in determining the jury's verdict." Shaw v. Terhune, 380 F.3d 473, 478 (9th Cir. 2004) (quoting Brecht v. Abrahamson, 507 U.S. 619, 623 (1993)); see Rowland v. Chappell, 876 F.3d 1174, 1189 (9th Cir. 2017) (applying Brecht harmless error analysis to a prosecutorial misconduct claim); Towery v. Schriro, 641 F.3d 300, 307 (9th Cir. 2010) (a "constitutional violation arising from prosecutorial misconduct does not warrant habeas relief if the error is harmless").

The Court finds that the prosecutor's references to Petitioner's gang moniker were not inappropriate. See Jackson v. Ducart, No. CV 14-09062-JFW (DTB), 2016 WL 3456989, at *16 (C.D. Cal. Apr. 19, 2016) ("[P]etitioner's gang membership, including his gang moniker, was relevant to both motive and the gang enhancement allegation. Further, the references to petitioner's gang moniker was relevant and proper for identification purposes as several of the witnesses referred to petitioner by his gang moniker."), accepted, 2016 WL 3456989 (C.D. Cal. June 21, 2016).

The Court agrees with the Magistrate Judge that the prosecutor's comments about "code" between Petitioner and Veyna were reasonable inferences that resulted from evidence provided at trial. R&R at 90; See United States v. Younger, 398 F.3d 1179, 1190 (9th Cir. 2005) ("It is not misconduct for the prosecutor to argue reasonable inferences based on the record . . . ."); United States v. McChristian, 47 F.3d 1499, 1507 (9th Cir. 1995) ("In fashioning closing

arguments, prosecutors are allowed reasonably wide latitude and are free to argue reasonable inferences from the evidence.") (citation and quotation marks omitted).

The Court also finds that the prosecutor did not engage in improper vouching because the prosecutor did not provide "personal assurances of the witness's veracity." United States v. Roberts, 618 F.2d 530, 533 (9th Cir. 1980) (citations omitted).

The Court also finds that the prosecutor's statement about Petitioner not calling Dewan to testify during closing argument was not improper because the prosecutor made it clear that Petitioner had no duty to call any witnesses and that the burden of proof remained with the prosecution; thus, the prosecutor did not impermissibly shift the burden of proof. See Cook v. Schriro, 538 F.3d 1000, 1020 (9th Cir. 2008) ("Prosecutors may comment on the failure of the defense to produce evidence to support an affirmative defense so long as it does not directly comment on the defendant's failure to testify."); United States v. Cabrera, 201 F.3d 1243, 1250 (9th Cir. 2000) ("The prosecutor's comments did not shift the burden of proof or persuasion. A prosecutor's comment on a defendant's failure to call a witness does not shift the burden of proof, and is therefore permissible, so long as the prosecutor does not violate the defendant's Fifth Amendment rights by commenting on the defendant's failure to testify."). Petitioner does not allege, and the Court does not find, that the prosecutor's closing argument included direct statements on Petitioner's failure to testify. See R&R at 93.

Finally, the Court finds that the prosecutor's urging of the jury during closing argument to send a message to the community was an acceptable request of the jury to act as a conscience for the community. See People of Territory of Guam v. Quichocho, 973 F.2d 723, 727 (9th Cir. 1992) ("Appeals to the jury to act as a conscience of the community are not impermissible unless they are specifically designed to inflame the jury."); but see United States v. Koon, 34 F.3d

1416, 1443 (9th Cir. 1994) ("A prosecutor may not urge jurors to convict a criminal defendant in order to protect community values, preserve civil order, or deter future lawbreaking.") (quoting United States v. Monaghan, 741 F.2d 1434, 1441 (D.C. Cir. 1984)).

Accordingly, habeas relief is not warranted for these claims.

**G. Ground Seven (Mistrial Claim)**

In Ground Seven, Petitioner claims he was denied his federal constitutional right to due process when the trial court denied Petitioner's motion for a mistrial based on the prosecutor's opening statement. Petition at 78. The Petitioner objects to the Magistrate Judge's conclusion that Petitioner's claim is not cognizable on federal habeas review. Obj. at 16.

The Court is not persuaded by this objection. The trial court's denial of Petitioner's motion for a mistrial is not a cognizable claim for federal habeas relief. See Gardea v. Madden, No. CV 20-3749 FLA (MRW), 2021 WL 6138274, at *6 (C.D. Cal. Oct. 18, 2021) ("The consideration of a mistrial motion is a question of state law. And as such, it does not present a cognizable constitutional issue on federal habeas review.") (citations omitted), accepted, 2021 WL 6135755 (C.D. Cal. Dec. 29, 2021); Smith v. Koenig, No. 2:19-cv-01650-PSG (AFM), 2020 WL 8474755, at *10 n.4 (C.D. Cal. Dec. 21, 2020) ("To the extent Petitioner's claim may be construed as a challenge to the trial court's denial of his motion for a mistrial, the claim does not raise a cognizable federal claim."), accepted, 2021 WL 640024 (C.D. Cal. Feb. 17, 2021). Accordingly, Petitioner is not entitled to habeas relief on his mistrial claim.

**H. Ground Ten (Instructional Error Claim)**

In Ground Ten, Petitioner argues that the trial court prejudicially erred in its response to the jury's question and instruction on transferred intent, in violation of Petitioner's federal constitutional right to due process. Petition at 87. Petitioner

objects to the Magistrate Judge's finding that his claim is not cognizable on federal habeas review. Obj. at 17.

The Court is not persuaded by this objection. Petitioner argued that the trial court's transferred intent instruction was not supported by the evidence presented. See R&R at 103 (citing 13 RT 5105). But "[a]ny error in the state court's determination of whether state law allowed for an instruction in this case cannot form the basis for federal habeas relief." Menendez v. Terhune, 422 F.3d 1012, 1029 (citing Estelle, 502 U.S. at 67–68). Accordingly, habeas relief is not warranted for Petitioner's instructional error claim.

**I. Ground Thirteen (Cumulative Error Claim)**

In Ground Thirteen, Petitioner claims he was denied his federal constitutional right to due process because of the cumulative effect of the alleged trial errors. Petition at 98. In his Objection, Petitioner argues that he has established the merits of his contentions and is therefore warranted relief. Obj. at 18.

"The cumulative error doctrine in habeas recognizes that, even if no single error were prejudicial, where there are several substantial errors, their cumulative effect may nevertheless be so prejudicial as to require reversal." Parle v. Runnels, 387 F.3d 1030, 1045 (9th Cir. 2004) (citation and quotation marks omitted); accord Ybarra v. McDaniel, 656 F.3d 984, 1001 (9th Cir. 2011); Davis v. Woodford, 384 F.3d 628, 654 (9th Cir. 2004). Habeas relief in instances of cumulative error is permitted "when there is a 'unique symmetry' of otherwise harmless errors, such that they amplify each other in relation to a key contested issue in the case." Ybarra, 656 F.3d at 1001 (quoting Parle, 505 F.3d at 933).

Because Petitioner has not demonstrated the state court proceedings had any errors regarding evidentiary rulings or the prosecutor's actions, Petitioner has not shown any "unique symmetry of otherwise harmless errors" to warrant federal

habeas relief. R&R at 107-08; See Fairbank v. Ayers, 650 F.3d 1243, 1257 (9th Cir. 2011) ("[B]ecause we hold that none of [Petitioner's] claims rise to the level of constitutional error, there is nothing to accumulate to a level of a constitutional violation.") (citation and quotation marks omitted); Hayes v. Ayers, 632 F.3d 500, 524 (9th Cir. 2011) ("Because we conclude that no error of constitutional magnitude occurred, no cumulative prejudice is possible.").

Accordingly, Petitioner's cumulative error claim does not warrant federal habeas relief.

## V. CONCLUSION

Having completed its review, the Court accepts the findings and recommendations set forth in the Report. Accordingly, IT IS ORDERED that: (1) this Report and Recommendation is **ACCEPTED**; and (2) judgment shall be entered dismissing this action with prejudice. Petitioner's petition for a writ of habeas corpus is **DENIED**.

Dated: August 10, 2026

Christina A. Snyder

HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE